```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


DAVE BELLOT and GERMAINE      §
BELLOT,                       §
                              §
     Plaintiffs,              §
                              §
v.                            §
                              §   CIVIL ACTION No. 4:11-cv-03280
                              §
OCWEN LOAN SERVICING, LLC,    §
                              §
     Defendant.               §
```

MEMORANDUM AND ORDER

Pending is Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss (Document No. 7). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

I. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not

whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

## II. Analysis

*Pro se* plaintiffs Dave and Germaine Bellot ("Plaintiffs") filed this suit to prevent foreclosure of their property located at

1801 Barbara Lane in Pasadena, Texas.[1]  Plaintiffs plead no cause of action upon which relief can be granted,[2] but the essence of Plaintiffs' "claims" is that Defendant does not have the authority to foreclose on the property because it is not the creditor and therefore not the real party in interest.  Defendant does not claim to be the creditor but rather is a loan servicer acting on behalf of its client, Wells Fargo Bank, which is the current holder of the note and successor beneficiary of the deed of trust.  Indeed, at the Rule 16 Conference conducted with all parties in attendance, Defendant's counsel exhibited to the Court and to Plaintiffs the original Note and Deed of Trust that it is servicing in behalf of Wells Fargo Bank.

The Texas Property Code expressly allows a loan servicer to conduct a non-judicial foreclosure on behalf of a mortgagee if the mortgagee agrees and appropriate notice is given.  TEX. PROP. CODE § 51.0025 (West 2007).  Because the law does not require Defendant to be the creditor in order to conduct a non-judicial foreclosure, Plaintiffs' allegations that Defendant cannot foreclose on the mortgaged property because it is not the creditor on the loan fails to state a cause of action upon which relief can be granted.

---

[1] Document No. 2 (Orig. Pet.).

[2] The complaint at one point states that Plaintiffs seek to protect their "State and Federal Constitutionally protected Rights, God given Rights, Civil Rights, Human Rights, Rights protected by Treaty(s), and/or ALL privileges and/or immunities, and/or the like."  Document No. 2 at 4.

Plaintiffs' complaint also questions the authenticity of "ALL dates and/or ALL signatures by ALL parties on ALL documents," but pleads no facts with any facial plausibility and hence, again, the Complaint states no claim upon which relief can be granted.

Plaintiffs' Response to Defendant's Motion to Dismiss (Document No. 7) fails to show any lawful basis not to dismiss the Complaint, but closes with a request "[to] allow plaintiff leave to amend their complaint."  Plaintiffs have offered no proposed amended complaint nor have they otherwise suggested any additional facts that could be pled.  "'[A] bare request in an opposition to a motion to dismiss--without any indication of the particular grounds on which the amendment is sought, *cf*. FED. R. CIV. P. 7(b)--does not constitute a motion within the contemplation of Rule 15(a).'"  U.S. ex. rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 387 (5th Cir. 2003) (quoting Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)).

At the Rule 16 Conference, moreover, which was attended by Plaintiffs and Defendant's counsel, the Court carefully questioned Plaintiffs to ascertain if they did in fact have any plausible cause of action that could be pled.  Plaintiffs examined the signed original Note presented by defense counsel, which was dated October 21, 2004, promised to pay $82,700 to the lender, and was a 30-year Note with monthly payments originally in the amount of $564.16, although with a proviso that the monthly payment amount may change

4

over time. Plaintiff Dave Bellot, when he examined the handwritten change in the Borrower's name, admitted that at closing that he himself had struck through the typed name "David" and interlineated "Dave," which he says is his actual name, just below the Borrower's signature line. Plaintiff Dave Bellot recognized the original Note and his signature Dave Bellot, as Borrower. Plaintiffs told the Court that after closing of the loan, they moved into the house at 1801 Barbara Lane, Pasadena, Texas 77502, for which the purchase money was borrowed and Deed of Trust was given, and lived there about eight months. Plaintiffs say they then moved out and converted the house into a rent house, one of a number that they own. Plaintiffs concede that they ceased making all payments on the loan some time in 2011, more than 15 months ago, but they have not surrendered the property to the mortgagee and, presumably, continue to collect rentals from any tenants that occupy the house. Plaintiffs told the Court that notwithstanding their decision to cease making payments on the Note more than 15 months ago, no lender or mortgage servicer or any other person or entity has made any demand upon them for payment of the Note except for Defendant Ocwen Loan Servicing, LLC, as loan servicer for Wells Fargo Bank, whose right to foreclose they challenge because they are not satisfied with Ocwen's "chain of title to the Note."

When one files a pleading--even an unrepresented party suing *pro se*, that party certifies that "to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the factual contentions have evidentiary support, that the claims or other legal contentions are warranted by existing law, and that the claims are not being presented for any improper purpose, such as to harass or cause unnecessary delay.  *See* F__ED__. R. C__IV__. P. 11(b).  Perhaps to evade this Rule, Plaintiffs signed their Complaint and their other pleadings "without recourse."  Pleadings cannot be filed "without recourse."  Accountability--and the representations mandated by Rule 11(b)--are essential to the fair administration of justice and to prevent the kind of sophistry, manipulation, and abuse of the judicial system that is now fully apparent in the instant case.  Based upon the answers and statements that Plaintiffs made at the Rule 16 Conference, which involved the kind of inquiry reasonable under the circumstances as is required by Rule 11(b), it is evident to the Court that Plaintiffs have no factual contentions that have evidentiary support that could be pled to state a cause of action upon which relief can be granted against Defendant if Plaintiffs were allowed to replead.  Instead, Plaintiffs would file another contrived complaint--"without recourse"--wholly without evidentiary support and intended only for an improper purpose, namely, to cause unnecessary delay in Defendant's foreclosure sale as loan servicer in behalf of its client Wells Fargo Bank, the holder of the original Note and Deed of Trust.  Plaintiffs meanwhile will be able

to pocket any rentals from the property that secures payment of the Note on which they are hopelessly in default.

The Courts are not to be used for frivolous and dilatory proceedings that have no basis in fact and are wholly contrived. Accordingly, Plaintiffs' request to file a further pleading is DENIED. It is therefore

ORDERED that Defendant's Motion to Dismiss (Document No. 7) is GRANTED for failure to state a claim upon which relief can be granted, and Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 28th day of November, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE